UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JERRICK CONEY,

                                                            **_COMPLAINT AND JURY_**
                                                            **_DEMAND_**
                              Plaintiff,

      -against-                                               ECF CASE
                                                               Docket No.
CITY OF NEW YORK, PATRICK RIORDAN, AHMED
ABDALLA, and JOHN or JANE DOE 1-10,
individually and in their official capacities as police
officers,

                                         Defendants.

----------------------------------------------------------------------X

       Plaintiff, JERRICK CONEY, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, CITY OF NEW YORK, PATRICK RIORDAN, AHMED ABDALLA, and JOHN or JANE DOE 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2.     These claims arise from a July 15, 2017 incident, in which defendants, acting under color of state law, unlawfully arrested and detained Mr. Coney. Mr. Coney was subsequently maliciously prosecuted and acquitted after a bench trial. As a result, all criminal charges against Mr. Coney were dismissed and sealed on February 21, 2018.

3.     The above referenced acts caused Mr. Coney to be deprived of his liberty and to sustain various emotional and physical injuries. Mr. Coney was wrongfully detained and incarcerated

for approximately twenty-seven (27) hours, from the date of his arrest, up to, and until, his release following his arraignment, on, or about, July 16, 2017.

4. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

6. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

7. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8. Plaintiff, Jerrick Coney ("Mr. Coney"), resides in Bronx County, State of New York.

9. The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10. At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

11.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendant, Patrick Riordan ("Riordan") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Riordan was, at all relevant times herein, a police officer under Shield No. 22234 and Tax Reg. No. 962729 and assigned to Midtown North Precinct, located at 306 W. 54th Street, New York, New York 10019. Defendant Riordan is being sued in his individual and official capacities.

13.     Defendant, Ahmed Abdalla, ("Abdalla") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Abdalla was, at all relevant times herein, a police officer under shield No. 7927 and Tax Reg. No. 948580 and assigned to Midtown North Precinct, located at 306 W. 54th Street, New York, New York 10019. Defendant Abdalla is being sued in his individual and official capacities.

14.     At all relevant times, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the true names or tax registry numbers of John and Jane Doe 1 through 10, but believes such knowledge is within possession of the defendants.

15.     At all relevant times herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17.     Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim on or about May 18, 2018 with the New York City Office of the Comptroller.

18.     Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19.     Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law.

20.     This action has been commenced within one year and ninety days from the relevant accrual dates.

## FACTUAL CHARGES

21.     On July 15, 2017, at approximately 3:00 p.m., Mr. Coney was in Central Park assisting a customer with a bicycle, when he received a phone call from his place of employment, Bike Rental NYC, located at 712 7th Avenue, New York, New York.

22.     Mr. Coney was informed by a co-worker that police officers from the Midtown North Precinct were at the shop asking questions about his motorized bicycle, which, at that time, was chained to a pole in front of 712 7th Avenue, New York, New York.

23.     Mr. Coney arrived at 712 7th Avenue, New York, New York a short time later to find several police officers, including Defendants Riordan, Abdalla and John Doe 1, in front of Bike Rental NYC.

24.     One of the officers, believed to be a supervisor (John Doe 1), asked Mr. Coney if the motorized bicycle belonged to him.

25. Mr. Coney told John Doe 1 that it was his motorized bicycle.

26. Mr. Coney was then asked to retrieve the key from behind the counter in the store.

27. Mr. Coney was asked how he got the motorized bicycle to the shop.

28. Mr. Coney informed Defendants, including Riordan, Abdalla and John Doe 1, that he had transported the bike on the train from the Bronx.

29. Mr. Coney was then asked to provide his driver's license.

30. Defendant Abdalla conducted a computer search and alleged that Mr. Coney's drivers license was suspended.

31. Defendants Riordan, Abdalla and John Doe 1 then told Mr. Coney that they needed to take him into custody because of an alleged warrant.

32. Mr. Coney did not have any outstanding warrants for his arrest.

33. Mr. Coney was criminally prosecuted under Docket Number 2017NY038274, without any probable cause by Defendants Riordan, Abdalla and John Doe 1.

34. Mr. Coney was then placed in a police van and taken to the Midtown North Precinct.

35. Upon arrival at the Midtown North Precinct, Mr. Coney was criminally processed.

36. Defendants Riordan and Abdalla performed a search of Mr. Coney's person that yielded nothing of probative value.

37. Mr. Coney was then transferred to New York County Criminal Court, where he was illegally strip searched with a cavity inspection.

38. Mr. Coney was held until he was arraigned on Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree and one count of Unlicensed Driving.

39. The accusatory instrument, also referred to as a Criminal Court Complaint, was signed by Defendant Riordan.

40. Defendant Riordan swore, under the penalties of perjury that Mr. Coney stated, in sum and substance, "It's my bike. I drove it here from the Bronx. I use it for work."

41. Defendant Riordan knowingly and intentionally false information to the District Attorney's Office, namely that Mr. Coney admitted to operating the motorized bicycle or scooter.

42. Mr. Coney vehemently denies making said statement, and asserts that Defendants, including Riordan and Abdalla, arrested and detained him with the full knowledge that he committed no crimes or violations of the law.

43. Mr. Coney never admitted to Defendants Riordan, Abdalla and John Doe 1 that he operated the motorized bicycle or scooter in question.

44. Defendants, including Riordan and Abdalla, never observed Mr. Coney operating the motorized bicycle or scooter in question.

45. No witnesses ever informed Defendants, including Riordan and Abdalla, that Mr. Coney operated the motorized bicycle or scooter in question.

46. Mr. Coney further asserts that Defendants Riordan and Abdalla, despite their knowledge that he committed no crimes or arrestable offenses, proceeded to intentionally, knowingly and maliciously provide the District Attorney's Office with the aforementioned false information, so that a criminal prosecution would be initiated against him.

47. Mr. Coney, therefore, asserts that due to the glaring and pervasive absence of any viable probable cause to warrant his detention and prosecution, at any point, he was unlawfully detained

and maliciously prosecuted from the moment he was handcuffed by Defendants, up to, and until his release from custody at arraignments.

48. Mr. Coney also asserts that his rights, under the United States Constitution and the laws of the State of New York, were further violated, even after his release following his arraignment.

49. Mr. Coney's assertion is based on his having to return to court for over seven months and the impound of his motorized bicycle for 116 days from the date of his unlawful arrest.

50. These gratuitous infringements persisted until Mr. Coney was acquitted after a bench trial on February 21, 2018, which represents a favorable termination of the criminal proceedings initiated against him.

51. At all times relevant hereto, the Defendants, including Riordan and Abdalla, were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

52. At all times relevant hereto, the Defendants, including Riordan and Abdalla acted maliciously and with intent to injure Plaintiff.

53. At all times relevant hereto, the Defendants, including Riordan and Abdalla engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when defendants observed others doing so, all in furtherance of Plaintiff's malicious criminal prosecution.

54. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

55. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

56. The instant arrest of Plaintiff, without even the semblance of probable cause, was so egregious as to amount to deliberate indifference by the policy and decision makers within the NYPD and City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and prosecute Plaintiff.

57. Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD and City of New York are within the exclusive knowledge of Defendants.

58. Upon information and belief, the personnel files and records of the individual officers involved in Plaintiff's arrest will reveal a history of Constitutional violations that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD officers and/or supervisors and would be likely to commit Constitutional violations similar to the violations that were committed against Mr. Coney.

59. As a direct and proximate result of the acts of Defendants, including Riordan and Abdalla, Plaintiff sustained the following injuries and damages: deprivations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of the laws and Constitution of the State of New York, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

60. Plaintiff re-alleges and re-avers Paragraph 1 through 59 of this Complaint as if fully set forth herein.

61. At all relevant times, the Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

62. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

63. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

65. Plaintiff re-alleges and re-avers Paragraph 1 through 64 of this Complaint as if fully set forth herein.

66. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

67. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

68. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

70. Plaintiff re-alleges and re-avers Paragraph 1 through 69 of this Complaint as if fully set forth herein.

71. At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

72. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent or justification.

73. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

74. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

75. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

76. Plaintiff re-alleges and re-avers Paragraph 1 through 75 of this Complaint as if fully set forth herein.

77. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

78. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

79. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

80. Plaintiff re-alleges and re-avers Paragraph 1 through 79 of this Complaint as if fully set forth herein.

81. Defendants initiated the prosecution against Plaintiff.

82. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

83. Defendants acted with malice.

84. In the absence of probable cause, malice may be inferred.

85. The prosecution was terminated in Plaintiff's favor.

86. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

87. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

89. Plaintiff re-alleges and re-avers Paragraph 1 through 88 of this Complaint as if fully set forth herein.

90. Defendants initiated the prosecution against Plaintiff.

91. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

92. Defendants acted with malice.

93. The prosecution was terminated in Plaintiff's favor.

94. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by causing Plaintiff to remain incarcerated against his will after his arraignment and trial by jury

95. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

96. Plaintiff re-alleges and re-avers Paragraph 1 through 95 of this Complaint as if fully set forth herein.

97. Those Defendants that were present, but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

98. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

100. Plaintiff re-alleges and re-avers Paragraph 1 through 99 of this Complaint as if fully set forth herein.

101. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

102. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

103. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

104. Plaintiff re-alleges and re-avers Paragraph 1 through 103 of this Complaint as if fully set forth herein.

105. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

106. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

107. Defendants intended to inflict substantial harm upon Plaintiff.

108.	Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

109.	Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

110.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

111.	By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

112.	Plaintiff re-alleges and re-avers Paragraph 1 through 111 of this Complaint as if fully set forth herein.

113.	Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

114.	Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

115.	Defendants intended to inflict substantial harm upon Plaintiff.

116.	Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

117.	Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without due process of law.

118.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### ELEVENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

119. Plaintiff re-alleges and re-avers Paragraph 1 through 118 of this Complaint as if fully set forth herein.

120. Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

121. Defendant City breached that duty of care.

122. Defendant City placed defendants in a position where they could inflict foreseeable harm.

123. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

124. Defendant City failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

125. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWELVTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

126. Plaintiff re-alleges and re-avers Paragraph 1 through 125 of this Complaint as if fully set forth herein.

127. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of his Constitutional right to be free from illegal searches and seizures.

128. Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must, or should, have been aware of.

129. Defendant City's policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with Defendant City's employees.

130. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 2, 2019

Respectfully submitted,

_S/ Samuel C. DePaola_
*Samuel C. DePaola, Esq.*
Bar Number: SD0622
Sim & DePaola, LLP
Attorneys for Mr. Coney
4240 Bell Blvd., Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com